"O"

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| YVETTE PATRICK,<br><br>    Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE,<br>COMMISSIONER OF THE SOCIAL<br>SECURITY ADMINISTRATION,<br><br>    Defendant. | Case No. CV 06-8275 AN<br><br>ORDER AFFIRMING FINAL<br>DECISION OF COMMISSIONER |

The Court now rules as follows with respect to the three disputed issues in the Joint Stipulation ("JS").[1]

### Disputed Issue #1

By the first issue, Plaintiff principally contends a reversal is warranted because the Administrative Law Judge ("ALJ") failed to give proper reasons for rejecting the opinion of Richard Perlman, M.D., a hand specialist who treated Plaintiff's carpel tunnel syndrome ("CTS"). Between March 30, 1999, through February 21, 2002, Dr. Perlman prepared eighteen one-page medical reports relating to Plaintiff's CTS. (AR 111-28.) Collectively, Dr. Perlman's reports establish that he opined that Plaintiff's CTS basically

---

[1] Both parties have consented to proceed before the undersigned Magistrate Judge. In accordance with the Court's Case Management Order, the parties have filed the JS and seek a dispositive order regarding the disputed issues set forth in the JS. The Court's decision is based upon the pleadings, the Administrative Record ("AR"), and the JS.

Page 1

disabled her from May 30, 1999, until February 21, 2002. The ALJ rejected Dr. Perlman's disability opinion because he found Dr. Perlman's reports "appear to be perfunctory statements issued as a matter of course, and not well-reasoned statements carefully considering the claimant's objective signs, which do not indicate any ongoing pathology" in contrast to the medical report of Kenneth Stover, M.D., an examining physician, who examined Plaintiff on February 9, 2004, and found Plaintiff had an unrestricted RFC for lifting objects up to 25 pounds. (AR 19). The Court's review of Dr. Perlman's reports establish the ALJ's descriptions are accurate. Under the circumstances, the Court finds the ALJ gave clear and convincing reasons for rejecting Dr. Perlman's opinion because, in the Ninth Circuit, it is well-settled that "[t]he ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings." *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002); *see Burkhart v. Bowen*, 856 F.2d 1335, 1339 (9th Cir. 1988) (uncontroverted treating physician opinion properly rejected where there was no description of medical findings, personal observations or test reports upon which physician could have arrived at conclusion). The Court also finds the ALJ gave specific and legitimate reasons that were supported by substantial evidence in the record for favoring Dr. Stover's conflicting opinion.

Accordingly, the Court finds Plaintiff's contentions with respect to the first disputed issue do not warrant a reversal of the Commissioner's final decision.

<u>Disputed Issue #2</u>

By the second disputed issue, Plaintiff contends a reversal of the Commissioner's final decision is warranted because the ALJ failed to provide clear and convincing reasons for rejecting her subjective complaints regarding the severity of her CTS and alleged mental limitations. The Court, however, disagrees and finds Plaintiff's contentions lack merit, and do not warrant a reversal of the Commissioner's final decision, for the reasons expressed in the Commissioner's opposing contentions that are set forth at page 15, line 1, through page 17, line20 of the JS, which are not refuted by

1 | Plaintiff's reply contentions.

## Disputed Issue #3

By the third disputed issue, Plaintiff contends a reversal of the Commissioner's final decision is warranted because the ALJ failed to fully and fairly develop the record with respect to the medical records of Dr. Kozin, a surgeon who apparently performed Plaintiff's hand surgeries. The Court, however, disagrees and finds Plaintiff's contentions lack merit, and do not warrant a reversal of the Commissioner's final decision, for the reasons expressed in the Commissioner's opposing contentions that are set forth at page 19, line 22, through page 20, line 18 of the JS, which are not refuted by Plaintiff's reply contentions.  Further, "[a]n ALJ's duty to develop the record further is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence." *Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001). Here, the record included pre-surgery and post-surgery medical reports from Dr. Perlman, Plaintiff's hand specialist, regarding her CTS.  As discussed above, the ALJ found Dr. Perlman's reports were perfunctory, not-well reasoned, and did not reflect objective signs supporting Dr. Perlman's opinion. The fact, however, that Dr. Perlman's reports had these deficiencies did not make these reports ambiguous or inadequate for purpose of evaluation.  Further, as discussed in the ALJ's decision, the record contained other substantial medical evidence that supported the ALJ's decision.

## Conclusion

Based upon the foregoing, the Court finds the Commissioner's final decision is free of legal error and supported by substantial evidence in the record.

IT IS THEREFORE ORDERED that judgment be entered affirming the Commissioner's final decision, and dismissing this action with prejudice.

DATED: June 3, 2008          /s/
                             ARTHUR NAKAZATO
                             UNITED STATES MAGISTRATE JUDGE